EFILED IN OFFICE
CLERK OF SUPERIOR COURT
LANIER COUNTY, GEORGIA

CE-18-219

DEC 11, 2018 10:47 PM

Deborah Clark, Clerk
Lanier County, Georgia

IN THE SUPERIOR COURT OF LANIER COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM RICHARDSON, INDIVIDUALLY AND ON BEHALF OF SEANESEE RICHARDSON AS HIS LEGAL GUARDIAN AND PARENT, and SEANESEE RICHARDSON, | * * * * * * * * | |
| Plaintiff | * * | CIVIL ACTION FILE NO: |
| vs. | * | |
| FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, DAIMLERCHRYSLER AG, CHRYSLER, LLC, CHRYSLER GROUP, LLC, KIMBERLY RICHARDSON, and JOHN DOE, | * * * * * | JURY DEMANDED |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW your Plaintiffs, SEANESEE RICHARDSON, a minor at the time of the incident made issue herein and currently an incompetent major with limited metal capacity, by and through his legal guardian, parent and next friend, WILLIAM RICHARDSON, and WILLIAM RICHARDSON individually and as Parent of SEANESEE RICHARDSON, a minor at the time of the incident made issue herein and currently an incompetent major with limited metal capacity, by and through undersigned counsel, and files this Complaint for Damages against Defendants, FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, formerly CHRYSLER GROUP, LLC, formerly CHRYSLER, LLC, formerly DAIMLERCHRYSLER AG and KIMBERLY RICHARDSON. Plaintiff would show to the Court as follows:

## PARTIES

1.

Plaintiff, SEANESEE RICHARDSON, was a minor at the time of the incident made issue herein and is currently an incompetent major with limited metal capacity due to the incident made issue herein who turned eighteen (18) years of age in 2018. He is the son of WILLIAM and KIMBERLY RICHARDSON and is a citizen and resident of Lakeland, Georgia.

2.

Plaintiff, WILLIAM RICHARDSON, is a major citizen and resident of Lakeland, Georgia, and is the parent, legal guardian and next friend of SEANESEE RICHARDSON.

3.

Defendants, FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, formerly CHRYSLER GROUP, LLC, formerly CHRYSLER, LLC, formerly DAIMLERCHRYSLER AG (hereafter collectively "FCA") is a limited liability corporation with its corporate office and principal place of business in Auburn Hills, MI. FCA is currently doing business in the States of Georgia, and can be served with process by serving its registered agent, The Corporation Company, 112 North Main Street, Cummings, GA 30040.

4.

Defendant, KIMBERLY RICHARDSON, is a major citizen and resident of Lakeland, Georgia, who has both liability insurance and, under information and belief, uninsured/ underinsured motorist coverage insurance through State Farm Mutual Automobile Insurance Company, which should provide her coverage in this matter, can be served with process through her home address at 74 South 6th Street, Lakeland, GA 31635.

5.

Defendant, John Doe, the manufacturer of the 2006 Dodge Grand Caravan made issue

herein, is an entity unknown to Plaintiff under a name not included in paragraph 3, who is currently doing business in the State of Georgia.

## JURISDICTION & VENUE

6.

This Complaint is for damages sustained by Plaintiffs as the direct and proximate result of injuries which occurred on or about December 12, 2016, on 74 South 6th Street, Lakeland, Georgia, 31635. Jurisdiction and venue are proper as Plaintiffs are residents of the County of Lanier, State of Georgia, and Defendant KIMBERLY RICHARDSON is a resident of the County of Lanier, State of Georgia, and Defendants FCA do business in the State of Georgia, and a substantial alleged act or omission giving rise to the damages sustained by Plaintiffs occurred in Lanier County, Georgia.

## STATEMENT OF FACTS

7.

This cause of action arises out of an incident which occurred on or about December 12, 2016 on 74 South 6th Street, Lakeland, Georgia, 31635, at approximately 6:30 p.m.

8.

Plaintiff, SEANESEE RICHARDSON, was at his home with his mother, Defendant KIMBERLY RICHARDSON, and was in the process of making an attempt to change the passenger front flat tire on his parents' 2006 Dodge Grand Caravan (hereinafter "the Vehicle"). The Vehicle was located beside the RICHARDSON home.

9.

Upon information and belief, the 2006 Dodge Grand Caravan was manufactured by FCA and was new property when first sold.

10.

Due to the flat tire, SEANESEE RICHARDSON had to jack up the Dodge Grand Caravan near the passenger front tire, as there was not enough space under the Vehicle to retrieve the spare tire that was awkwardly and dangerously located between the front two tires closer to the front of the vehicle.  KIMBERLY RICHARDSON was located on the driver side of the vehicle after lowering the spare tire.  SEANESEE RICHARDSON reached under the passenger side of the jacked up Vehicle to reach the spare tire.

11.

Suddenly and without warning, while he was trying to grab the spare tire from under the middle of the vehicle, the Vehicle and the majority of its weight fell off of the jack and onto SEANESEE RICHARDSON, preventing him from breathing for a prolonged time.

12.

Once emergency services arrived, the Vehicle was removed off of SEANESEE RICHARDSON and he was transported for medical treatment, where it was determined that he suffered severe debilitating injuries, namely a severe anoxic brain injury that has left him permanently disabled with extremely limited motor and verbal functions. This incident and resulting damages and injuries were directly and proximately due to the negligence of the Defendants, including under the theory of product liability.  Defendants' negligence caused the damages and injuries to Plaintiff.

13.

The true name and capacity, whether corporate, associate, individual, or otherwise of Defendant Doe, (hereinafter to be included in the FCA Defendants) is unknown to Plaintiff.  Plaintiff sues said Defendant by fictitious name.  Defendant designated herein as a John Doe is legally responsible in some manner for the events and happenings herein referred to

and caused injuries and damages proximately thereby to Plaintiffs, to include under theories of negligence; product liability; and/or strict liability, or as otherwise outlined in Plaintiffs' Complaint. The DOE Defendant has received such notice of the institution of the action that he will not be prejudiced in maintaining defense on the merits. The DOE Defendant is on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against him. Upon information and belief, Defendant Doe is a citizen of the state of Georgia.

## FIRST CAUSE OF ACTION – NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT: DESIGN DEFECT AS TO FCA DEFENDANTS

14.

All preceding statements of the complaint are incorporated herein and re-alleged as if expressly set forth verbatim.

15.

At all times relevant herein, FCA Defendants designed, selected, inspected, tested, assembled, equipped, marketed, distributed and sold the Vehicle and its components, including but not limited to, creating a design that placed the spare time toward the front of the Vehicle between the two front tires, rather than at the rear of the vehicle.

16.

At all times relevant herein, FCA Defendants designed the Vehicle and the location of its spare tire, and each Defendant owed Plaintiffs a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute and sell the Vehicle and its components, including its spare tire and the spare tire location, so that it would provide a reasonable degree of occupant protection and safety during foreseeable use of the spare tire and the need to change flat tires on the vehicle in the real world environment of its expected use.

17.

At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed and sold by FCA Defendants, the Vehicle is and was defective, unreasonably dangerous and unsafe for the foreseeable users and occupants, because its spare tire location is and was inadequately designed and constructed, and failed to provide the degree of occupant protection and safety a reasonable consumer would expect in foreseeable use and changing of the spare tire in the real world environment of its expected use.

18.

At all times relevant herein, FCA Defendants each were collectively and respectively negligent, grossly negligence, willful, wanton, reckless and careless in the design of the subject Vehicle and breached their duties of care owed to Plaintiffs by:

a)     Failing to adopt and implement adequate safety hierarchy procedures and policies;

b)     Failing to design, manufacture, test, assemble and/ or install the Vehicle's spare tire location so as to prevent it from having an unreasonably dangerous location in foreseeable use to kill or injure users while attempting to use the spare tire;

c)     Failing to design, manufacture, test, assemble and/ or install the Vehicle to place the spare tire location at the rear of the vehicle which is industry standard and makes the spare tire more easily accessible;

d)     failing to exercise reasonable care in the design of the subject Vehicle and its spare tire location;

e)     failing to exercise reasonable care in the inspection of the subject Vehicle and its spare tire location;

f)     failing to adopt and implement adequate warnings regarding subject Vehicle and

its spare tire location and use;

g)      failing to use alternatively known safer designs;

h)      failing to place safety over profits when selecting the spare tire designs in the

Vehicle;

i)      failing to warn specifically of the dangerous spare tire location after learning that

this was a known danger; and

j)      any other acts of negligence to be shown at the trial of this matter.

19.

At all times relevant herein, as a direct and proximate result of FCA Defendants' negligence and breaches complained of herein, Plaintiffs have suffered serious and permanent injuries including excruciating pain and suffering, mental anguish, emotional distress, lost past and future wages, past and future medical expenses, disability and other damages see herein from the incident on December 12, 2016.

20.

WHEREFORE, Plaintiffs demand judgment against FCA Defendants for all actual and compensatory damages suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/ or jury may deem just and proper.

## SECOND CAUSE OF ACTION – FAILURE TO WARN AS TO FCA DEFENDANTS

21.

All preceding statements and allegations of the complaint are incorporated herein and re-alleged as if expressly set forth verbatim.

22.

At all times relevant herein, FCA Defendants, as manufactures of the subject Vehicle and its spare tire location, owed duties to warn of foreseeable dangerous conditions of the subject Vehicle which would impair its safety.

23.

At all times relevant herein, FCA Defendants knew or should have known that the subject Vehicle's spare tire location exposed users to unnecessary risk of the vehicle falling on the user while attempting to foreseeably use and/ or retrieve the spare tire, which could injure or kill users.

24.

At all times relevant herein, FCA Defendants would have had and had no reason to believe that users would realize this potential danger, as the user manual of the Vehicle even stated that the Vehicle had to be jacked up in order to retrieve the spare tire in certain situations.

25.

At all times relevant herein, FCA Defendants affirmatively failed to exercise reasonable care to inform users of the Vehicle's dangerous condition created by the dangerous spare tire location.

26.

As a direct and proximate result of FCA Defendants failure to warn of the dangers posed by the dangerous spare tire location in the subject Vehicle and the breaches complained herein, Plaintiffs have suffered serious and permanent injuries including excruciating pain and suffering, mental anguish, emotional distress, lost past and future wages, past and future medical expenses, disability and other damages see herein from the incident on December 12, 2016.

27.

By reason of the foregoing, Plaintiffs are entitled to recover for all general and special

damages they sustained as a direct and proximate result of FCA Defendants' negligent and grossly negligent acts or omissions.

28.

WHEREFORE, Plaintiffs demand judgment against FCA Defendants for all actual and compensatory damages suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/ or jury may deem just and proper.

## THIRD CAUSE OF ACTION – STRICT LIABILITY IN TORT AS TO FCA DEFENDANTS

29.

All preceding statements and allegations of the complaint are incorporated herein and re-alleged as if expressly set forth herein.

30.

At all times relevant herein, FCA Defendants are strictly liable for designing, testing, manufacturing, distributing, selling and/ or placing a defective and unreasonably dangerous product into the stream of commerce.

31.

At all times relevant herein, the subject Vehicle and its spare tire location were defective and unreasonable dangerous as to its design, manufacture, distribution and warnings, causing the Vehicle to be in a defective condition that made it unreasonable dangerous for its intended use.

32.

At all times relevant herein, FCA Defendants all took some part in the manufacture and sale of the subject Vehicle and its spare tire location to Plaintiffs at some point prior to the incident

on December 12, 2016.

33.

At all times relevant herein, the subject Vehicle was being used in an intended and/ or foreseeable manner when the incident alleged herein occurred. Plaintiffs neither misused nor materially altered the subject Vehicle, and upon information and belief, the subject Vehicle was in the same or substantially similar condition that it was at the time of original purchase.

34.

At all times relevant herein, the subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively dangerous spare tire location that could lead to user injury in foreseeable use, including the incident on December 12, 2016.

35.

At all times relevant herein, FCA Defendants were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the Vehicle and its spare tire location.

36.

At all times relevant herein, FCA Defendants had a duty to warn users of the dangers associated with the Vehicle and its spare tire location and proper use of the spare tire.

37.

At all times relevant herein, FCA Defendants failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

38.

At all times relevant herein, FCA Defendants failed to design, test, manufacture, inspect and/ or sell a product that was safe for its intended use.

39.

At all times relevant herein, FCA Defendants' negligence, failures, omissions and breaches complained herein, Plaintiffs have suffered serious and permanent injuries including excruciating pain and suffering, mental anguish, emotional distress, lost past and future wages, past and future medical expenses, disability and other damages from the incident on December 12, 2016.

40.

WHEREFORE, Plaintiffs demand judgment against FCA Defendants for all actual and compensatory damages suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/ or jury may deem just and proper.

## FOURTH CAUSE OF ACTION – NEGLIGENCE AS TO KIMBERLY RICHARDSON

41.

All preceding statements and allegations of the complaint are incorporated herein and re-alleged as if expressly set forth herein.

42.

During the incident made issue herein, Defendant KIMBERLY RICHARDSON was the only parent and major present at the time SEANESEE RICHARDSON attempted to change the tire.

43.

During the incident made issue herein, Defendant KIMBERLY RICHARDSON negligently provided instruction and oversight to SEANESEE RICHARDSON as he attempted to change the tire.

44.

Under information and belief, Defendant KIMBERLY RICHARDSON had a policy of insurance with State Farm Mutual Automobile Insurance Company that provided bodily injury liability coverage and/ or uninsured/ underinsured motorist coverage for the subject Vehicle, which pursuant to the terms of the insurance policy will provide coverage for SEANESEE RICHARDSON's injuries.

45.

Under information and belief, Defendant KIMBERLY RICHARDSON had a policy of homeowners and/ or rental insurance with John Doe Insurance Company that provided bodily injury liability coverage for the subject incident, which pursuant to the terms of the insurance policy will provide coverage for SEANESEE RICHARDSON's injuries.

46.

WHEREFORE, Plaintiff SEANESEE RICHARDSON[1] demands judgment against Defendant KIMBERLY RICHARDSON, through her insurer State Farm Mutual Automobile Insurance Company, for actual and compensatory damages suffered up to the State Farm Mutual Automobile Insurance Company policy limit, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/ or jury may deem just and proper.

## DAMAGES AS TO ALL DEFENDANTS

47.

All preceding statements and allegations of the complaint are incorporated herein and re-alleged as if expressly set forth herein.

---

[1] Plaintiff WILLIAM RICHARDSON is not making a claim against KIMBERLY RICHARDSON or State Farm Mutual Automobile Insurance Company.

48.

Because of Plaintiff SEANESEE RICHARDSON's bodily injuries directly and/ or proximately caused by Defendants' conduct, Plaintiff SEANESEE RICHARDSON is entitled to reasonable and proper compensation for the following legal damages:

    A. Past and future medical expenses and charges;

    B. Past and future physical pain and mental anguish;

    C. Past and future physical impairment and disability;

    D. Past and future disfigurement; and

    E. Past lost wages and future lost wages and future lost earning capacity.

49.

Because of Plaintiff SEANESEE RICHARDSON's bodily injuries directly and/ or proximately caused by FCA Defendants' conduct, Plaintiff WILLIAM RICHARDSON is entitled to reasonable and proper compensation for the following legal damages:

    A. Past medical expenses and charges.

50.

WHEREFORE, Plaintiffs seek actual and punitive damages to be awarded by the jury in an amount in excess of the minimal juridical limits of this Court.

## PUNITIVE DAMAGES AS TO FCA DEFENDANTS

51.

All preceding statements and allegations of the complaint are incorporated herein and re-alleged as if expressly set forth herein.

52.

In addition to the general and special damages suffered by Plaintiffs and proximately caused by the FCA Defendants bad actions and inactions, as it concerns the defective operations

and use of the Vehicle on December 12, 2016, and as previously alleged and set forth in this Complaint, Plaintiffs also, as a further result of Defendants' reckless, willful, negligent and grossly negligent conduct, are entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

53.

More specifically, the actions and inactions of FCA Defendants were of such a character as to constitute a pattern of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiffs, resulting in significant and ongoing damages arising from the incident at issue herein.

54.

Furthermore, FCA Defendants have acted with such a conscious and flagrant disregard for the rights and safety of Plaintiffs, and/ or have deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Plaintiffs so as to entitle them to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

55.

Plaintiff is entitled to recover punitive damages from Defendants because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of an impartial jury.

56.

WEHREFORE, FCA Defendants are liable, and Plaintiff demand judgment for punitive and exemplary damages, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/ or jury may deem just and proper.

## ATTORNEYS' FEES AS TO FCA DEFENDANTS

57.

FCA Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray as follows:

a) For a trial by jury and judgment against Defendants for such sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine in excess of the minimum jurisdictional limit of this Honorable Court;

b) For exemplary and punitive damages against FCA Defendants in an amount as a jury may determine to halt such conduct;

c) For costs of this suit, including attorney fees; and

d) For such other and further relief to which they may be entitled and as this Honorable Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to the rules of this Honorable Court, Plaintiffs demand a trial by jury as to all issues triable by the jury, as enumerated and set forth in more detail in this Complaint.

This 11th day of December, 2018.

[signatures on following page]

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**

/s/ Christopher B. Newbern
Christopher B. Newbern
Georgia Bar No. 314463

3301 Windy Ridge Pkwy
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
chris@pnwlaw.com

**DIDRIKSEN, SAUCIER, WOODS & PICHON LAW FIRM**

/s/ Carl A. Woods, III.
Caleb H. Didriksen, III
Louisiana Bar No. 1334
*(To be admitted Pro Hac Vice)*
Carl A. "Trey" Woods, III
Louisiana Bar No. 33674
*(To be admitted Pro Hac Vice)*

3114 Canal Street
New Orleans, LA 70119
(504) 586-1600
caleb@dswplaw.com
trey@dswplaw.com