# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM RICHARDSON, individually and on behalf of SEANESSE RICHARDSON, as his legal guardian and parent, and SEANESSE RICHARDSON,<br><br>    Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, DAIMLERCHRYSLER AG, CHRYSLER, LLC, CHRYSLER GROUP, LLC, KIMBERLY RICHARDSON, and JOHN DOE,<br><br>    Defendants. | Civil Action No. 7:19-CV-15 (HL) |

## ORDER

This case is before the Court on Plaintiffs' Motion to Remand. (Doc. 9). After considering the parties' briefs and with the benefit of oral argument on May 1, 2019, the Court **DENIES** Plaintiffs' Motion to Remand.

### I.    BACKGROUND

This case arises out of an incident that occurred on December 12, 2016, in which sixteen-year-old Plaintiff Seanesse Richardson was injured while attempting to change a tire on his parents' Dodge Grand Caravan. While changing the tire, Plaintiff reached under the vehicle as it was sitting on car jacks to grab the spare tire when the vehicle moved off of the jack and fell on top of him. As a result,

Plaintiff was prevented from breathing for an extended period of time and suffered a severe anoxic brain injury that has left him permanently disabled with extremely limited motor and verbal functions. (Doc. 1-1, ¶¶ 11-12).

Plaintiffs Seanesse Richardson and William Richardson, individually and on behalf of Seanesse Richardson as his legal guardian and parent, initially filed this action against Defendants in the Superior Court of Lanier County on December 11, 2018. Plaintiffs' complaint includes allegations of strict product liability, failure to warn, and negligence against Defendant Fiat Chrysler Automobiles US, LLC ("FCA US, LLC" or "FCA US"). Daimler Chrysler AG, Chrysler, LLC, and Chrysler Group, LLC, and claims of negligence against Plaintiff's mother, Kimberly Richardson for her role in alleged negligent supervision of Plaintiff.

Defendant FCA US removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on January 22, 2018, asserting that this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1). Defendant FCA US contends that Plaintiffs fraudulently joined co-Defendant Kimberly Richardson, Plaintiff's Seanesse Richardson's mother, as a defendant in this action. Plaintiffs now move the Court to remand the case to the Superior Court of Lanier County, contending Defendant's Notice of Removal is improper.

**II.    DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), a party may remove "any civil action brought in a State court of which the district courts of the United States have

2

original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The "place" is "the site of the state court in which the action is pending at the time the notice of removal is filed." Cogdell v. Wyeth, 366 F.3d 1245, 1248 n.7 (11th Cir. 2004).

Defendant FCA US removed this case on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Defendant argues that co-Defendant Kimberly Richardson was fraudulently joined in this matter to defeat complete diversity of the parties. First, Defendant FCA US contends that Plaintiffs' negligence claim against Kimberly Richardson is barred by the doctrine of parental immunity. Second, the crux of Plaintiffs' claim against Defendant Kimberly Richardson is that she was negligent in supervising, or "provid[ing] instruction and oversight" to Plaintiff as he attempted to change the tire on the vehicle. Defendant FCA US contends that there is no statute or common law principle imposing a legal duty upon a parent to avoid negligence in overseeing or providing instruction to his or her own minor child. (Doc. 1, p. 8).

Plaintiffs do not challenge Defendant's assertion that the amount in controversy in this case exceeds $75,000. Rather, Plaintiffs argue that the claims brought against Defendant Kimberly Richardson are proper as Plaintiff Seanessee Richardson was at the age of majority at the time the action was filed, and that

Georgia courts permit a child to sue his parent under a theory of general negligence. (Doc. 9, pp. 8-9).

   A. Fraudulent Joinder

The judicially created doctrine of fraudulent joinder provides an exception to the general rule requiring complete diversity of citizenship between the plaintiffs and the defendants in a diversity case. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). When a plaintiff fraudulently joins a non-diverse defendant solely to defeat diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

The burden on a removing defendant to prove fraudulent joinder is a "heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)). In assessing a claim of fraudulent joinder, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. (citation omitted). Fraudulent joinder must be established by clear and convincing evidence. Henderson, 454 F.3d at 1281 (citation omitted). Joinder is deemed fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Triggs, 154 F.3d at 1287 (citations omitted). Thus, "If there is even a possibility that a state court would find that the complaint states a cause of action

4

against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis in original)).

In determining whether Defendant Kimberly Richardson was fraudulently joined, the Court must look to "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Shannon v. Albertelli Firm, P.C., 610 F. App'x 866, 871 (11th Cir. 2015) (per curiam) (quoting Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005)) (emphasis omitted). "In broad terms, the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for summary judgment." Id. "All questions of fact are resolved in the plaintiff's favor." Id. "But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." Id. (quoting Legg, 428 F.3d at 1323).

Georgia courts have long recognized that a parent is immune to suit for the tortious injury of his or her minor child. Georgia courts have based support for this immunity on the following public policy reasons: (1) disturbance of domestic tranquility; (2) danger of fraud and collusion; (3) depletion of the family exchequer; (4) the possibility of inheritance by the parent of the amount recovered in damages by the child; and (5) interference with parental care, discipline, and control. Clabough v. Rachwal, 176 Ga. App. 212, 213 (1985). But there are exceptions to this general principle. A child who has reached the age of majority or has been

5

emancipated may sue the parent for a tort. Farrar v. Farrar, 41 Ga. App. 120 (1930); Fowlkes v. Ray-O-Vac Co., 52 Ga. App. 338 (1935). In determining whether parental immunity applies, courts look to the status of a parental relationship at the time of filing suit, rather than at the time the tortious act occurred because the objective of preserving family harmony cannot control if there is no family status at the time a lawsuit is filed. Clabough, 176 Ga. App. at 214.

Here, Plaintiff Seanesse Richardson was sixteen at the time the accident occurred but eighteen at the time the suit was filed. In the complaint, Plaintiffs characterize Seanesse as an "incompetent major with limited mental capacity." (Doc. 1-1, ¶ 1). While it is true that Plaintiff was at the age of majority at the time of filing suit, the Court finds that public policy reasons support application of the parental immunity doctrine. Seanesse continues not only to reside with both of his parents, who are still married, but he also is totally dependent upon his mother as a result of the injuries he suffered during the subject incident. (Doc. 15, 18:9-17).

In Queen v. Carey, the Georgia Court of Appeals explained the rationale behind determining the status of the parties at the time of filing rather than the time the tortious incident occurred. 210 Ga. App. 41, 43-44 (1993). In doing so, the court explained that the rule evolved from cases in which the facts supported an examination of the familial status at the time of filing because of a change in the familial status from the time of the incident to the time of filing such that the policy reasons behind the parental immunity doctrine were no longer applicable. The

court stated: "Often . . . in order to understand the family dynamics which would compel or abrogate immunity, it is necessary for the fact finder to view a broad span of evidence, stretching from the time of injury to the claim and thereafter. . . . A continuum, and not a static point (snapshot) must be viewed." Id. at 44. In viewing the facts of this case broadly and as a continuum, the Court finds that although Plaintiff Seanesse Richardson has reached the age of majority, the status of the parties is otherwise unchanged. The family still lives together as a single unit with Seanesse fully dependent on his mother for all aspects his daily care. Under these circumstances, relying on the fact that Seanesse has reached the age of majority as a strict bar to the application of parental immunity would contravene nearly all the public policy reasons behind the doctrine.

Accordingly, for the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. 9) because a claim by Plaintiff Seanesse Richardson against his mother Defendant Kimberly Richardson is improper under the parental immunity doctrine. Consequently, Defendant FCA US has met its burden in showing that removal was proper and that diversity jurisdiction exists.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 9) is **DENIED**. The stay in this case is hereby lifted. The parties are **ORDERED** to hold their Rule 26(f) conference by not later than September 9, 2019. The parties shall submit

their Joint Preliminary Report and Discovery Plan and exchange Initial Disclosures by September 16, 2019.

**SO ORDERED**, this 26th day of August, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ehm