## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM RICHARDSON, individually and on behalf of SEANESEE RICHARDSON as his legal guardian and parent, and SEANESEE RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, DAIMLERCHRYSLER AG, CHRYSLER, LLC, CHRYSLER GROUP, LLC, KIMBERLY RICHARDSON, and JOHN DOE,<br><br>Defendants. | Case No. 7:19-CV-15 (HL) |

## ORDER

Before the Court is Plaintiffs' Motion to Compel. (Doc. 40). Plaintiffs seek an order compelling Defendant Fiat Chrysler Automobiles US, LLC ("FCA") to designate a corporate representative for a deposition concerning FCA's knowledge of prior claims, lawsuits, and other incidents against it. (*Id.* at 1). During discovery, FCA identified five prior lawsuits against it that are factually similar to Plaintiffs' lawsuit. (Doc. 40-1, p. 1). As to four of the claims identified, FCA disclosed only the claimants' names and states of residence. (*Id.*). FCA provided a docket number and location for only one of the identified lawsuits. (*Id.* at pp. 1–2). FCA resisted providing any more information to Plaintiffs about the

prior, similar claims. (*Id.*). Seeking additional discovery, Plaintiffs sent FCA a Notice of Rule 30(b)(6) deposition, and FCA responded that it would not produce a witness to address the prior lawsuits. (Doc. 39-1).

The Court held a telephone conference between the parties to discuss this discovery dispute. (Docs. 37, 38). At the conclusion of the call, the Court ordered FCA to disclose documents in its possession regarding the five similar lawsuits. FCA complied with the Court's Order. FCA maintained, however, that a Rule 30(b)(6) deposition on the topic would be inappropriate. The Court ordered the parties to submit briefing on the issue of "whether Defendant [FCA] must designate a corporate witness to testify about prior, similar claims." (*Id.*). After considering the parties' arguments and for the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Compel. (Doc. 40).

> **I.  DISCUSSION**

In Plaintiffs' Notice of Rule 30(b)(6) Deposition, Plaintiffs identified the topics they intended to discuss with Defendants' corporate representative(s). (Doc. 39-1, p. 7). At issue here is Topic Six. (*Id.*). It reads as follows:

> Any and all complaints of injuries and/or suits filed against you, by any person alleging they, or someone else, sustained damages arising out of the use, releasing and/or retrieving of the spare tire on any of the vehicles you or a predecessor manufactured that have the spare tire located in a similar position as the 2006 Dodge Grand Caravans.

2

(*Id.*). Plaintiffs argue that a Rule 30(b)(6) deposition on this topic is relevant to their claims because FCA asserted a statute of repose defense in its Answer. (Doc. 40-1, p. 3).[1] Further, Plaintiffs contest the utility of the documents FCA has produced and suggest that FCA has not satisfied its discovery obligations. (*Id.* at p. 2) ("Only extremely limited information about the facts of each prior claim was produced. . . . Additional discoverable information does exist about these prior claims."). FCA produced "the summons, complaint, and an intent to dismiss" for one lawsuit. (*Id.*). Of the remaining four claims identified by FCA, "[n]o documents were produced for two" of the prior claims. (*Id.*). And "only letters of representation by each claimant's attorney was produced" as to the two other prior claims. (*Id.*).

FCA contends that a Rule 30(b)(6) deposition is inappropriate on four grounds. (Doc. 39). First, FCA argues that it has already disclosed to Plaintiffs—through its production of documents—the information that Plaintiffs seek. (*Id.* at

---

[1] Georgia's statute of repose bars actions brought ten years after "the date of the first sale for use or consumption of the personal property" that caused the alleged injury. O.C.G.A. § 51-1-11(b)(2). The ten-year limitation does not apply if the manufacturer's conduct demonstrates a "willful, reckless, or wanton disregard for life or property." O.C.G.A. § 51-1-11(c). Notwithstanding the statute of repose, a manufacturer's failure to warn becomes actionable once the manufacturer "knows or reasonably should know of the danger arising from the use of its product." *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1994); O.C.G.A. § 51-1-11(c). Plaintiffs raise both design defect and failure-to-warn claims. (Doc. 6-1, pp. 5–9). Therefore, evidence of similar, prior claims against Defendants is relevant to this litigation.

p. 2). According to FCA, "[t]hese documents are the best and most complete evidence regarding other incidents in FCA US's possession, custody, and control." (*Id.*). Second, FCA contends that it cannot identify a representative who can offer competent testimony on the topic. (*Id.*). FCA alleges that no current employee has first-hand knowledge or "is even familiar with, all five of the incidents." (*Id.*). Third, FCA claims attorney-client privilege and the work-product doctrine preclude discovery of information concerning the anticipated or actual litigation of these incidents. (*Id.* at p. 3). Finally, FCA asserts that Plaintiffs should pursue "their own investigation" to find information of other incidents rather than depose a corporate representative. (*Id.* at p. 4). FCA claims Rule 30(b)(6) should not require it "to conduct an external investigation and uncover information not previously available to it for the Plaintiffs' benefit." (*Id.*). In sum, FCA argues that a Rule 30(b)(6) deposition on Topic Six would be cumulative, wasteful, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C) (explaining when "the court must limit the frequency or extent of discovery").

### A. Duty to Prepare Corporate Representative(s)

The Court rejects FCA's argument that it cannot designate a proper representative to testify about Topic Six. Corporations have a duty to make a good-faith, conscientious effort to designate appropriate representatives and "to prepare them to testify fully and non-evasively about the subjects." *QBE Ins.*

*Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). A representative's lack of direct personal knowledge as to all five claims is not an excuse to avoid discovery obligations. Rule 30(b)(6) deponents do not need personal knowledge of the events because their testimony "represents the collective knowledge of the corporation, not of the specific individual deponents." *Id* at 688.[2] Even if FCA "no longer employs a person with knowledge on the specified topics," it has a "duty to prepare and produce an appropriate designee." *Id*. The representative "must become educated and gain the requested knowledge to the extent reasonably available" regardless of the representative's relevant knowledge at the time of designation. *Fed. Deposit Ins. Corp. v. Hutchins*, No. 1:11-CV-1622, 2013 WL 12109446, at *3 (N.D. Ga. Oct. 25, 2013) (citation omitted). If FCA has already produced all the documents and information in its possession as it avers in its Response to Plaintiffs' Motion, then educating a representative and providing testimony will not be unduly burdensome. *See* (Doc. 39, p. 2) ("These documents are the best and most complete evidence regarding other incidents . . . .").

---

[2] Rule30(b)(6) operates to prevent corporations from avoiding liability by compartmentalizing its knowledge between different employees. Any one individual employee could truthfully "disclaim[] knowledge of facts that are clearly known to other persons in the organizations," thus making it more difficult to impose liability on the corporation. Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment.

The Court also rejects FCA's argument that Plaintiffs should investigate the prior incidents rather than depose a corporate representative. *See* (*id.* at 4). Rule 30(b)(6) imposes no obligation on FCA to conduct its own investigation beyond what is "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). But as mentioned above, what is known to the organization refers to the corporation's collective knowledge of all its employees. Therefore, corporations "must prepare its designees by having them review available materials, such as fact witness deposition testimony, exhibits to depositions, documents produced in discovery, materials in former employees' files and, if necessary, interviews of former employees or others with knowledge." *QBE Ins. Corp.*, 277 F.R.D. at 689. FCA is correct that Rule 30(b)(6) does not require an external investigation, but the corporation must review all responsive information housed internally. Such internal investigation may be extensive. *See McDaniel v. Ford Motor Co.*, No. 1:12-CV-01470, 2013 WL 12108252, at *2 (N.D. Ga. June 10, 2013) (requiring no "additional investigation" beyond what is already known to corporation).

## B. Cumulative or Duplicative Discovery

The Court finds that a Rule 30(b)(6) deposition would not violate Rule 26's provisions. *See* Fed. R. Civ. P. 26(b)(2)(C) (explaining when "the court must limit the frequency or extent of discovery"). Plaintiffs have described "with reasonable

particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The documents FCA produced are not responsive to Topic Six, and thus Plaintiffs have not "had ample opportunity to obtain the information" by other means of discovery. Fed. R. Civ. P. 26(b)(2)(C)(ii).

FCA argues that a representative cannot testify to any additional information. Rather, the representative will only repeat information contained in the documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (instructing courts to limit discovery if it would be "unreasonably cumulative or duplicative"). Testimony elicited from FCA's corporate representative is not cumulative or duplicative simply because he or she reviews the produced documents to prepare for the deposition. The testimony may cover the corporation's interpretation of the produced documents as well as its "position, beliefs[,] and opinions" regarding the prior claims. *QBE Ins. Corp.*, 277 F.R.D. at 689; *see United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("The corporation must provide its interpretation of documents and events."). The relevant point of discovery is what knowledge FCA may have had concerning other similar alleged defects. A corporate representative could shed light on that topic in a way the documents fail to do so. And thus far, FCA has not demonstrated that the evidence "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

FCA makes the same arguments here as Ford Motor Company ("Ford") made in *McDaniel v. Ford Motor Company*. *See McDaniel*, 2013 WL 12108252, at *2. The *McDaniel* court largely denied Ford's arguments. *Id.* at *5–*7. For example, the court found that after consulting documents alleging product defects, a representative could "offer testimony concerning what notice, if any, the documents may have given [Ford] concerning other alleged product failures." *Id.* Additionally, the court found that Ford's representative could "be expected to offer testimony concerning Ford's informational practices when it receives a claim concerning product performance, as those practices would go to the issue of Ford's notice of any prior product failures." *Id.* These are just two examples of discoverable information, encompassed in the identified topic, that the produced documents fail to address. A corporation cannot rest on its documents when a Rule 30(b)(6) deposition is requested. *See Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent. . . . [T]he two forms of discovery are not equivalent."). That is especially true here where FCA produced no documents as to two of the claims it identified in response to Topic Six.

### C. Attorney Client Privilege and Work-Product Doctrine

FCA claims that "information regarding the facts of a lawsuit or claim" uncovered through FCA's own investigation "would be protected by the attorney-client privilege and/or the work-product doctrine." (Doc. 39, p. 3). At this time, FCA has not adequately identified what information Plaintiffs seek that that would violate these protections. "[I]nformation regarding the facts of a lawsuit or claim" is too broad for this Court to deny a Rule 30(b)(6) deposition altogether. The Court will deal with issues of privilege on a case-by-case basis. FCA's representative(s) will have counsel present at the deposition to object when appropriate.

## II. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Compel. (Doc. 40). FCA is **ORDERED** to designate a representative(s) for a deposition regarding Topic Six in Plaintiffs' Notice of Rule 30(b)(6) Deposition. (Doc. 39-1, p. 7). If necessary, the Court will address deadlines for discovery and/or dispositive motions once the parties have scheduled the deposition.

**SO ORDERED** this 6th day of February 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac