IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM RICHARDSON, INDIVIDUALLY AND ON BEHALF OF SEANESEE RICHARDSON AS HIS LEGAL GUARDIAN AND PARENT, and SEANESEE RICHARDSON, <br><br> Plaintiff <br><br> vs. <br><br> FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, DAIMLERCHRYSLER AG, CHRYSLER, LLC, CHRYSLER GROUP, LLC, KIMBERLY RICHARDSON, and JOHN DOE, <br><br> Defendants. | CIVIL ACTION FILE NO: 7:19-CV-00015-HL <br><br><br><br> JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. NATHAN DORRIS**

Pursuant to Fed. R. Evid. 702, Plaintiffs move for Court's entry of an Order excluding the testimony of Dr. Nathan Dorris, or in the alternative, to limit the scope of his testimony in accordance with Rule 702, and the authorities herein cited.

**Nature of the Case**

This is a product liability action arising from the use of a 2006 Dodge Grand Caravan, and of the attempt by the minor, Seanesee Richardson, to change the tire and of his attempt to retrieve the spare tire from under said vehicle on December 12, 2016. The 2006 Dodge Grand Caravan was designed and manufactured by the FCA US, LLC and/ or its legal predecessors. Plaintiffs,

Seanesee Richardson and his father, William Richardson, brought this action against FCA US, LLC on theories of manufacturing defect, design defect, failure to warn, and negligence.

## Opinions of Nathan Dorris

Defendants have designated Dr. Nathan Dorris as an expert witness in "Human Factors." Dorris holds a Ph.D. in Industrial and Systems Engineering from Auburn University.[1] "Human Factors" is described by Dr. Dorris as "a body of information about ... human characteristics that are relevant to design," and "Human Factors Engineering" as "the application of Human Factors information to the design of tools, machines, systems, tasks, jobs, and environments for safe, comfortable, and effective human use."[2]

Dr. Dorris' opinions, as disclosed by FCA US, LLC, are substantially as follows:

(1) Dorris opines that the hazard posed by a vehicle slipping off of the jack at issue was obvious. According to Dorris' expert report, his opinion on the public's knowledge that a car can slip off a jack is based on a common sense approach as being "widely known." Dr. Dorris' also opined that the nature of the hazard of being struck by a vehicle falling from a raised jack are "not technical and do not require specialized training or knowledge to recognize."[3]

(2) Dorris opines that the warnings provided the Dodge Grand Caravan in the owner's manual and on the jack at issue are reasonable and appropriate. According to Dorris' report, this opinion is based on Dr. Dorris' examination of the owner's manual and the jack, and the application of Dr. Dorris' "human factors" knowledge, experience, and training.[4]

(3) Dorris opines that Seanesee Richardson would not have complied with "different or additional" warnings, if such had been provided with the Dodge Grand Caravan, owner's manual

---

[1] See Report of Dr. Nathan Dorris, attached as **Exhibit A**.
[2] Id. at 7.
[3] Id. at 9.
[4] Id at 11 – 21.

and/ or jack at issue. According to Dorris' expert report, his opinion is based on Dr. Dorris' review of Kimberly Richardson's deposition and Patrick Richardson's deposition, and the scientific literature cited in Dr. Dorris' report.[5]

No opinion testimony should be allowed on any subject that is "common sense" or based on a subject being "widely known" or on any other subject for which an expert admits that the opinions are "not technical and do not request specialized training or knowledge to recognize." So Dorris' opinions outlined at No. 1 above should be prohibited.

With respect to Dorris' opinions outlined at Paragraphs No. 2 and 3 above, Plaintiffs contend that Dr. Dorris' opinions as to the "reasonableness" of the warnings provided, the "obviousness" nature of the hazard at issue, and Seanesee Richardson's potential or capacity to comply with "different or additional" warnings are unhelpful, irrelevant, and unreliable. Therefore his testimony on those topics should be excluded, or, alternatively, limited in scope.

**Argument**

Expert testimony is admissible when a) the witness is qualified by knowledge, skill, experience, training, or education; b) the testimony is helpful to the trier of fact; and, c) the testimony is reliable. Fed. R. Evid. 702 Advisory Committee Notes at ~ 1; see also <u>Ma v. Equifax Info. Servs., LLC</u>, 288 F. Supp. 3d 1360, 1363, 2017 U.S. Dist. LEXIS 205343, *3 (N.D. GA 2017). The standard for admission of expert testimony was set forth by the Supreme Court in *Daubert v. Merrell Dow Pharms, Inc.,* 509 US 579 (1993). Under *Daubert,* "when faced with a proffer of expert scientific testimony a district court must determine at the outset [ ... ] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to

---

[5] <u>Id</u>. at 22 – 26.

understand or determine a fact in issue." *Hollander v. Sandoz Pharms. Corp.,* 289 F. 3d 1193, 1203-1204 (10th Cir., *2002)(citing and quoting Daubert,* 509 US at 592).

### 1. Dr. Dorris' opinion as to the "reasonableness" of the warnings and instructions provided is in essence a legal conclusion, and therefore, should be excluded.

An expert is not allowed to impede on the role of the Court, whose job it is to instruct the jury as to the requirements of law that apply to the particular facts of the case. See Fed. R. Evid. 704 commentary. Testifying experts may not offer legal conclusions. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1112 (11th Cir. 2005). Testifying experts cannot or offer factual conclusions that interfere with or attempt to substitute for the trial court's fact finding function. *Id.*

"Courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding applicable law." United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977); Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1112 n. 8 (11th Cir. 2005) (noting that "testifying experts may not offer legal conclusions . . ."). As such, courts have excluded expert testimony that employs terminology with legal import, such as negligence. See Emp'rs Ins. of Wausau v. Latex Contr. Co., No. 1:01-CV-1909-BBM, 2003 U.S. Dist. LEXIS 28210, 2003 WL 26087498, at *8 (N.D. Ga. Sept. 2, 2003) (excluding portions of expert's testimony which relate to "negligence"); Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 709 (2d Cir.1989) (holding that trial court should have excluded expert's testimony that the defendant was negligent); Schober v. Maritz Inc., No. 07-CV-11922, 2008 U.S. Dist. LEXIS 14060, 2008 WL 544948, at *3 (E.D. Mich. Feb. 26, 2008) ("Further, [the expert's] opinion that Defendant was 'negligent' amounts to a legal conclusion, and is therefore particularly problematic."); In re Rezulin Prods. Liab. Litig., 309 F. Supp. 2d 531, 541, 547 (S.D.N.Y.2004) ("[The expert's] opinion that [defendant's] conduct

with respect to clinical trial data potentially constituted 'negligence' or 'something more serious' is excluded for the additional reason that it impermissibly embraces a legal conclusion." (internal footnote omitted)); see also Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1473-74 (11th Cir.1984). Similarly, courts have excluded expert testimony amounting to conclusions whether conduct was reasonable or whether harm was foreseeable, when such testimony embraces the legal definition of the terms. See In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig., No. MDL 2187, 2018 U.S. Dist. LEXIS 152148, 2018 WL 4212409, at *3 (S.D.W. Va. Sept. 4, 2018) (concluding, in a products liability action, that an expert's opinions that "the omission of instructions or warnings . . . rendered the [ ] device not reasonably safe," and his opinion that the design of the device was "unreasonably dangerous and defective" both constituted inadmissible legal conclusions); Jordan v. Celebrity Cruises, Inc., No. 1:17-20773-CIV, 2018 U.S. Dist. LEXIS 125346, 2018 WL 3584702, at *5 (S.D. Fla. July 25, 2018) (excluding, in a slip and fall negligence case, an expert's opinion concerning the foreseeability of the alleged negligent conduct), report and recommendation adopted, No. 17-20773-CIV, 2018 U.S. Dist. LEXIS 220882, 2018 WL 4776336 (S.D. Fla. Sept. 21, 2018). As the Sixth Circuit explained in Torres v. Cnty. of Oakland, 758 F.2d 147 (6th Cir. 1985), "[t]he problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This 'invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law.'" Torres, 758 F.2d at 150 (quoting F.A.A. v. Landy, 705 F.2d 624, 632 (2d Cir.1983)) (alteration in original). The Sixth Circuit offered guidance that "[t]he best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate." Id. at 151.

The pertinent inquiry is whether Dr. Dorris' opinions are admissible factual opinions, or whether they are inadmissible on the grounds that they represent his conclusions as to determinative questions of law in this action. See Commodores Ent. Corp. v. McClary, 879 F.3d 1114, 1128-29 (11th Cir. 2018) (describing the inadmissibility of expert testimony amounting to legal conclusions and instructing district courts to "take 'adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion.'") (quoting United States v. Herring, 955 F.2d 703, 709 (11th Cir. 1992)); see also Pacinelli v. Carnival Corp., No. 18-22731-CIV, 2019 U.S. Dist. LEXIS 120626, 2019 WL 3252133, at *6 (S.D. Fla. July 19, 2019) (contrasting admissible factual expert opinions from inadmissible legal conclusions).

In Georgia, whether a warning is reasonable is an issue of fact for the jury. Fox v. GM LLC, 2019 U.S. Dist. LEXIS 145532, *99, 2019 WL 3483171 (N.D. Ga. 2019) (citing Camden Oil Co. v. Jackson, 270 Ga. App. 837, 837, 609 S.E.2d 356, 357, 2004 Ga. App. LEXIS 1536, *1, 2004 Fulton County D. Rep. 3810. In reaching its decision, the jury considers whether "the content and placement of the warning [are] of such a nature as to be comprehensible to the average user and convey a fair indication of the nature and extent of the danger to the mind of the user." *Wheeler v. John Deere Co.,* 862 F. 2d 1404, 1413 (10th Cir., 1988). The expert is not allowed to substitute itself for the jury.

Plaintiffs contend that it is inappropriate for an expert to offer the opinion that a warning is "reasonable" or "unreasonable" because this is an assessment that requires the application of facts to law, usurping the function of the jury. Dr. Dorris agreed in his deposition that the jury would be responsible for deciding whether the warnings and/ or instructions were reasonable.[6]

---

[6] See Deposition of Dr. Dorris, attached as **Exhibit B** at 93 – 94, 96.

Dr. Dorris' opinions on the sufficiency of warnings and instructions are not an application of scientific principles, experience, or knowledge, to the facts of the case, but are simply a legal conclusion. As such, the opinion should be excluded. Further, Dr. Dorris was previously excluded on this same issue by the Court in Am. Family Mut. Ins. Co. v. Techtronic Indus. N. Am., 2014 U.S. Dist. LEXIS 71758 (D. Kan. 2014).

**2. Dr. Dorris' opinion as to the "obvious" nature of the hazard will not assist the trier of fact in determining any fact at issue, and should be excluded.**

Under Rule 702, an expert may give opinion testimony only "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Opinions that merely tell a jury what result to reach, or which are in essence a legal argument are not helpful and should be excluded. Fed. R. Evid. 704 Advisory Committee's Notes. Even if the expert's testimony is relevant, it "generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Prosper v. Martin, 2021 U.S. App. LEXIS 6466, *12, 989 F.3d 1242, 28 Fla. L. Weekly Fed. C 2501 (11th Cir. 2021) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). Thus, to be helpful, the testimony must "concern[] matters that are beyond the understanding of the average lay person." *Id.*

Dr. Dorris' opinion as to the obvious nature of the hazard posed by vehicles slipping off of jacks is not helpful to a trier of fact. Dr. Dorris' opinion is founded entirely on what one can reasonably expect, as outlined by Dr. Dorris himself:

> The nature of the hazard and consequences of being struck by a vehicle falling from a raised jack are not technical and do not require specialized training or knowledge to recognize. Similarly, it is reasonable to expect that individuals will also readily appreciate the means of avoiding this risk include staying out from under a vehicle raised on a jack as well as following the manufacturer's warnings and instructions.

This opinion is not based on specialized knowledge. It is not based on analysis of evidence or testimony that have been provided to Dr. Dorris. No principles of psychology, human behavior, or engineering are implicated. It is an opinion on a subject that a lay juror can be presumed familiar with: the experiences and reasonable expectations of ordinary consumers. Therefore, Dr. Dorris' testimony concerning "obviousness" should be excluded.

### 3. Dr. Dorris' opinion concerning Seanesee Richardson's potential compliance with a "different or better" warning is not reliable, and must be excluded.

In determining reliability, the district court looks to four factors: (1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant scientific community. Daubert, 509 U.S. at 592. To be reliable under Daubert, an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not "subjective belief or unsupported speculation. Id.

Dr. Dorris opines that, "there is insufficient evidence for one to conclude to a 'reasonable degree of certainty' that any different or additional warnings or instructions provided by Chrysler would have altered the behavior of Seanesee Richardson, or anyone else, and prevented this incident from occurring."[7] According to Dr. Dorris' report, this conclusion on non-issued warnings is based completely on speculation by simply reading the testimony of Kimberly Richardson and Patrick Richardson, testimony the jury will consider itself. Dr. Dorris continued to speculate in this section about what Seanesee Richardson actions that were alleged to be inconsistent with the owner's manual instruction, again based upon citing portions of the depositions of witnesses,

---

[7] See **Exh. A** at 22.

parties and/ or Plaintiffs' experts in this case.  These opinions on different or additional warnings are neither helpful to the jury nor are they supported by proper methodology.

Although the articles provided by Dr. Dorris enumerate a number of factors, both personal and situational, that are associated with warning compliance or encoding (memory of a given warning), no piece of "scientific literature" cited by Dr. Dorris in his report concludes -or even posits-that it is possible for a human factors expert to predict how a given individual will behave when confronted with a particular warning, especially one that was never given. As none of the studies cited by Dr. Dorris attempt to predict individual behavior, no information is available concerning whether Dr. Dorris' "method" of predicting human behavior has been tested, or is susceptible of testing. No information is available regarding whether Dr. Dorris' speculative predictions are accurate, or what his error rate is.

During his deposition, Dr. Dorris agreed that he would have to <u>speculate</u> to tell the jury what was going through Seanesee Richardson's mind during the incident in question.[8]  An expert may not give opinions that are based on speculation.  *See U.S. v. 0.161 Acres of Land*, 837 F.2d 1036, 1040 (11th Cir. 1988) ("certainly where an expert's testimony amounts to no more than a mere guess or speculation, a court should exclude his testimony").  Evidence that is "wholly speculative and conjectural" is not helpful and must be excluded.  *See Lowe v. Crown Equip. Corp.*, 2014 WL 11460776, at *10 (N.D. Ga. July 22, 2014).  Indeed, nothing in *Daubert* "requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Therefore, Dr. Dorris' opinion concerning Seanesee Richardson's compliance with a "different or better" warning are unreliable and should be excluded.

---

[8] See **Exh. B** at 31.

WHEREFORE, Plaintiffs respectfully request that this Court enter its Order excluding or limiting the testimony of Dr. Nathan Dorris as requested herein; and for such other and further relief as the Court deems proper.

Respectfully submitted,

**PIASTA NEWBERN WALKER, LLC**

/s/ Christopher B. Newbern
Christopher B. Newbern
Georgia Bar No. 314463
3301 Windy Ridge Pkwy
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
chris@pnwlaw.com

**DIDRIKSEN, SAUCIER & WOODS, PLC**

/s/ Carl A. Woods, III
Caleb H. Didriksen, III
Louisiana Bar No. 1334
*(Admitted Pro Hac Vice)*
Carl A. "Trey" Woods, III
Louisiana Bar No. 33674
*(Admitted Pro Hac Vice)*
3114 Canal Street
New Orleans, LA 70119
(504) 586-1600
caleb@dswlawfirm.com
trey@dswlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the within and foregoing upon counsel of record via electronic mail to the following attorneys of record:

>Michael R. Boorman, Esq.
>Philip A. Henderson, Esq.
>WATSON SPENCE, LLP
>999 Peachtree St., Ste. 1130
>Atlanta, GA 30309
>mboorman@watsonspence.com
>phenderson@watsonspence.com
>J. Holder Smith, Jr.
>P.O. Box 3007
>Valdosta, GA 31604
>(229 242-2520
>jaysmith@youngthagard.com

This 14th day of April, 2021.

>/s/ Carl A. Woods, III.
>Carl A. "Trey" Woods, III
>Louisiana Bar No. 33674
>*(Admitted Pro Hac Vice)*